**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Action No. 3:14CR00029 |
| | ) | (Civil Action No. 3:17CV81253) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **JEFFREY BRUCE WEAKLEY,** | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Senior United States District Judge |

Jeffrey Bruce Weakley, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, arguing that Weakley has not raised any issues entitling him to relief. The time within which Weakley had to respond has now expired, making this matter ripe for consideration. Upon review of the record, the court concludes that the government's motion to dismiss must be granted.

### I.

On December 17, 2014, a grand jury returned a superseding indictment, charging Weakley with: (1) knowingly and intentionally distributing a mixture or substance containing a detectable amount of heroin and fentanyl, the use of which resulted in the death of M.K., in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count One"); and (2) knowingly and intentionally distributing a mixture or substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count Two").

Weakley was appointed counsel. On January 13, 2015, Weakley and the government entered into a written plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Weakley agreed to plead guilty to a lesser included offense of Count One: distribution of heroin and fentanyl (involving M.K.), and both parties agreed to a sentence of

between 120 and 168 months' incarceration. Plea Agree. at 1, 3, ECF No. 37. Because of his plea, the maximum statutory term of imprisonment that Weakley faced was reduced from life in prison to twenty years. Id. at 1-2.

A guilty plea hearing was held on January 13, 2015. Weakley affirmed that he had received a copy of the indictment, reviewed it with counsel, and considered the options and alternatives of pleading guilty to the lesser included offense of Count One. Plea Hr'g Tr. at 4, ECF No. 47. Weakley stated that he accepted the terms of the plea agreement, that he had not been coerced into pleading guilty, and that he wanted to plead guilty because he was, in fact, guilty of the crime. Id. at 16-17, 20. Weakley also affirmed that he understood that, as part of the plea agreement, he was giving up his right to appeal and to collaterally attack his conviction and sentence, except for claims of ineffective assistance of counsel. Id. at 17-18. Weakley affirmed that he was "satisfied with all of the components of [counsel's] services in [his] case." Id. at 43. The government reviewed the relevant facts—which Weakley did not dispute—that Weakley provided heroin laced with fentanyl to a third party in exchange for work provided, and that the third party sold it to M.K., who used the heroin, overdosed, and died. Id. at 36-38. The court concluded that Weakley's plea was knowing and voluntary, but took it under advisement pending completion of the Presentence Investigation Report ("PSR").

Following the guilty plea hearing, the Probation Department issued a PSR for Weakley. The PSR recommended a guideline range of 15 to 21 months' incarceration because Weakley pleaded guilty only to the distribution charge, the lesser included offense of Count One. PSR ¶ 64, ECF No. 55. Appointed defense counsel filed a sentencing memorandum on Weakley's behalf. Defense counsel noted that Weakley had a drug addiction problem, but was not a dealer. Sent. Memo. at 5, ECF No. 39. Defense counsel noted that Weakley traded heroin for labor from

a friend on occasion, and that the friend supplied the heroin to M.K. Id. Finally, defense counsel noted that Weakley was unaware that the heroin contained fentanyl, making the substance more potent, and that this combination caused M.K.'s death. Id. Counsel requested that Weakley receive a 120-month sentence, the lowest sentence available within the Rule 11(c)(1)(C) guideline range. Id. at 7

On May 8, 2015, a motions hearing was held before the court. Weakley's appointed counsel noted that Weakley was in the process of obtaining different counsel and the case was continued. Mot. Hr'g Tr. at 4, ECF No. 75. Subsequently, Weakley retained counsel. Order at 1, ECF No. 53. With the advice of retained counsel, Weakley decided to proceed with his plea agreement, and did not attempt to withdraw his guilty plea.

The court held a sentencing hearing on August 25, 2015. No objections to the PSR were made and the court adopted it. Sent. Hr'g Tr. at 5, ECF No. 76. The government recommended a 144-month sentence. Id. at 6. Retained defense counsel requested a 120-month sentence. Id. at 12. The court approved the plea agreement and sentenced Weakley to 129 months' incarceration. Id. at 17.

On September 11, 2015, Weakley appealed. However, on February 24, 2016, he moved to voluntarily dismiss his appeal under Federal Rule of Appellate Procedure Rule 42(b), which the United States Court of Appeals for the Fourth Circuit granted. Order at 1, ECF No. 79. On May 23, 2017, Weakley filed this § 2255 motion, asserting that he received ineffective assistance of counsel because counsel failed to investigate his case and provided inadequate advice regarding the government's case against him.[1]

---

[1] There is some question as to whether Weakley timely filed his motion. A motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 has a strict one-year period of limitation set by "the date on which the judgment of conviction becomes final." 28 U.S.C § 2255(f)(1). Typically, the § 2255 clock does not begin to run until "the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Weakley bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Weakley asserts an ineffective assistance of counsel claim. Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish a viable ineffective assistance claim, a defendant must satisfy a two-prong analysis: he must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Id. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from

---

conviction." Clay v. United States, 537 U.S. 522, 532 (2003). Courts are divided about whether the Clay certiorari rule applies when a defendant voluntarily dismisses his direct appeal. Compare, Gomez v. United States, No. 1:06-cr-30, 2010 WL 1609412, at *2 (E.D. Tenn. Apr. 20, 2010) (concluding that a § 2255 motion was untimely because "a judgment of conviction becomes final" on the date of the voluntary dismissal for § 2255(f) purposes), with Courtney v. United States, No. 4:07-261, 2011 WL 906644, at *6 (E.D. Ark. Mar. 16, 2011) ("[T]he fact that a convicted person voluntarily dismisses his appeal does not preclude his filing a petition for writ of certiorari in the Supreme Court of the United States pursuant to 28 U.S.C. § 1254. Hence, the period of limitations under § 2255(f)(1) begins to run 90 days after a convicted person voluntarily dismisses his appeal."). Weakley filed his § 2255 petition on May 23, 2017, approximately one year and three months after his voluntary dismissal. However, if the Clay rule were to apply, then his petition is timely, as he had 90 days within which to appeal to the Supreme Court of the United States. 28 U.S.C. § 2101(c). Even if Weakley's petition were timely, however, he is not entitled to relief because he has failed to establish that he received ineffective assistance of counsel.

counsel's perspective at the time." Strickland, 466 U.S. at 689; United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Weakley's claims of ineffective assistance of counsel do not satisfy the stringent requirements of Strickland.

Weakley argues that counsel failed to investigate his case and failed to review the autopsy report of M.K. This argument is unavailing. He had the benefit of separate counsel, both appointed and retained, who reviewed the case and advised him to plead guilty. Moreover, Weakley does not explain what evidence he expects a more involved investigation would have uncovered. His general allegation that counsel failed to investigate is not sufficient to afford relief. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal citation and quotation marks omitted); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing), overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

Moreover, Weakley admitted that he was guilty of the charge to which he pleaded guilty, namely distribution of heroin and fentanyl, and that he provided heroin to a third party in

5

exchange for labor. Plea Hr'g Tr. at 17, ECF No. 47. In addition, Weakly agreed with the government's factual recitation, which provided that the third party sold the heroin to M.K., a syringe was discovered next to M.K. that tested positive for heroin and fentanyl, and M.K. died of a drug overdose. Plea Hr'g Tr. at 38, 42, ECF No. 47. Weakley cannot successfully contradict statements made under oath at the guilty plea hearing. Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

Weakley's claim appears to be that because he did not put fentanyl in the heroin that he provided to the third party, he is "not responsible for the death of M.K." § 2255 Mot. at 4, ECF No. 83. However, even if Weakley is not the person who mixed the fentanyl with the heroin, he is still responsible for its distribution because he admits that he provided the third party with the heroin. Whether he knew that the heroin he provided had been altered is immaterial. For a conviction under 21 U.S.C. § 841 to stand, the government need not "prove that the defendant knew the specific amount or specific type of drug involved" as long as the defendant knew that he was trafficking in a controlled substance. United States v. Brower, 336 F.3d 274, 277 (4th Cir. 2003).

Weakley also argues that counsel provided deficient performance by failing to inform him of the Supreme Court's decision in Burrage v. United States, 134 S. Ct. 881 (2014). In Burrage, the Court interpreted 21 U.S.C. § 841(a)(1) and (b)(1)(C), to impose a stricter burden of proof on the government to establish that "death or serious bodily injury result[ed]" from a drug distribution. 134 S. Ct. at 891. Following Burrage, it is not enough for the government to show that a drug that a defendant distributed contributed to the victim's death or injury, instead, the

6

government must prove that the distributed drug was independently sufficient to cause the victim's death.  Id. at 892.

Whether or not counsel specifically told Weakley about Burrage, however, does not provide him relief.  Clearly, counsel understood the applicable legal standard because Weakley asserts that counsel "assured" him that counsel would "investigate the facts and review the autopsy report to determine the but-for cause" of M.K's death.  § 2255 Mot. at 4, ECF No. 83.  That is the legal standard established in Burrage.  There is no evidence to suggest that counsel failed to undertake such an investigation or failed to look into the facts of this case.  See Strickland, 378 F.3d at 691 (noting that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary").

Weakley now appears to regret his decision to plead guilty.  But he has failed to establish that counsel provided ineffective assistance.  To the contrary, Weakley received the benefit of the advice of two different lawyers.  Weakly pleaded guilty to a distribution charge; as a result, he did not plead guilty to the much more serious crime of distribution resulting in death.  Counsel negotiated a very advantageous plea agreement for Weakley because he could have faced a mandatory minimum of twenty-years' incarceration and a maximum of a life sentence, had he proceeded to trial and been found guilty.

Weakley has not established that counsel's representation fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688.  Accordingly, he is not entitled to relief under 28 U.S.C. § 2255.

## III.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

**ENTER:** This 11th day of December, 2017.

                                          */s/ Glen E. Conrad*
                                          Senior United States District Judge